Nov. Term,
1852.

JOHNSON
v.
BLAKE.

---

JOHNSON *v.* BLAKE.

The assignee of a note, in order to exercise the diligence in collecting it of the maker which is requisite in collecting a note not payable in bank, need not sue to recover a part of the note which is usurious.

The fact that the assignee knew when he received the assignment that such part was usurious makes no difference.

*Friday,*
*December 24.*

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Bill in chancery by *James Blake* against *Moses Johnson* for the foreclosure of a mortgage. Decree below for the plaintiff.

It appears that *Blake* sold to *Johnson* a parcel of ground in *Indianapolis*, in payment for which the latter assigned to the former the promissory notes of third persons. Accompanying the assignment of the notes *Johnson*, by his agent, *A. Harrison*, executed a mortgage on said parcel of ground conditioned as follows: " That if the said party of the first part, [*Johnson*,] his heirs, executors, or administrators shall pay, or cause to be paid, unto the said party of the second part, [*Blake*,] his heirs, or assigns, the just and full sum of any deficiency that may be found to exist of principal, interest, or costs, in the payment of any of the notes, a list whereof is on the reverse hereof written, and which said notes amounting altogether to 4,998

dollars and 35 cents, as calculated, said *Johnson* has this day caused to be assigned to said *Blake*, and to the collection of which said *Blake* is bound to the legal diligence upon assigned notes *not payable in bank*, then," &c.; "but in case of the non-payment of the deficiency of principal, interest, or costs, upon such diligence as above, when such deficiency is ascertained, then," &c.

One of said notes, being for over 400 dollars, was upon *James Rains, Andrew Hoover*, and *Charles Garner*. This note was not paid at maturity, and there was a delay of some years before suit was brought upon it. When suit was instituted, the defendants pleaded usury, and established the truth of the plea, whereby the interest on the note was forfeited, under our statute, and the amount which would otherwise have been recovered on the note reduced.

It is the amount of this reduction, with interest and the costs of said suit, that is claimed in the bill before us, and for which a decree was rendered below.

The defense set up is, that such diligence for the collection of the note was not used as is required upon assigned notes not payable in bank.

It is well settled, in regard to such notes, that suit need not be instituted at all upon them by an assignee where he can show they are not collectable from the makers. And in the case before us that part of the note not collected never was collectable. We think the case falls within the settled rule.

It is said *Blake* knew, at the time he took the assignment of the note in question, that it was tainted with usury, and that the motive in requiring him to use diligence was the hope that if said note was speedily urged to payment, the defense of usury might not be set up.

This knowledge could not require him to go beyond his agreement, which was to use the diligence on assigned notes not payable in bank, and his failure to aid in the accomplishment of an illegal purpose would not be a circumstance which a Court should deviate from a straight line to make operate to his disadvantage.

Nov. Term,
1852.

*Per Curiam.*—The decree is affirmed, with 5 *per cent.* damages and costs.

O. H. *Smith* and S. *Yandes*, for the appellant.

L. *Barbour* and A. G. *Porter*, for the appellee.